927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael William ENGLISH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
Michael William ENGLISH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 90-6160, 90-6183.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1991.
Decided March 7, 1991.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-90-477-HC)
 Michael William English, appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Michael William English, a federal prisoner incarcerated at the Federal Correctional Center at Butner, North Carolina, brought an action in the United States District Court for the Southern District of Florida. Although he styled the action as a petition for habeas relief under 28 U.S.C. Sec. 2241, he also claimed that he was being subjected to unconstitutional prison conditions. The Florida court transferred the action to the Eastern District of North Carolina.
 
 
 2
 The district court ordered English to particularize his claims, and English filed an amended complaint. The district court dismissed the action without prejudice to English's right to refile a non-frivolous complaint, and English appealed (No. 90-6160). English also moved for a certificate of probable cause to appeal, and the district court denied the motion; English appealed that denial (No. 90-6183). We affirm the dismissal of the prison conditions claims on the reasoning stated by the district court. English v. United States, CA-90-477-HC (E.D.N.C. Sept. 25, 1990). However, we affirm the denial of the Sec. 2241 petition for reasons different than those stated in the district court's opinion.
 
 
 3
 The district court incorrectly dismissed English's Sec. 2241 allegations for lack of jurisdiction. The proper jurisdiction for a Sec. 2241 petition is the court which has jurisdiction over the petitioner's custodian. 28 U.S.C. Sec. 2241(a). Because English is incarcerated in the Eastern District of North Carolina, the district court had jurisdiction over the Sec. 2241 action. Therefore, the Sec. 2241 claims should not have been dismissed for lack of jurisdiction. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973). Because English has a 28 U.S.C. Sec. 2255 petition pending in the sentencing court in Florida, however, the district court could have dismissed the Sec. 2241 petition because English had the available remedy of Sec. 2255 relief. See Swain v. Pressley, 430 U.S. 372, 381-82 (1977).
 
 
 4
 Therefore, we affirm the dismissal of the Sec. 2241 petition. We affirm the denial of the motion for certificate of probable cause because such a certificate is unnecessary in the appeal of the denial of a Sec. 2241 petition. We deny English's motion for determination by an en banc panel of this Court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED